IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN WICKER,                                             Civil Case No.: 2:20-cv-10156

        Plaintiff,

v.

GENESIS FS CARD SERVICES,

        Defendant.

## NOTICE OF REMOVAL OF CIVIL ACTION

PLEASE TAKE NOTICE that Defendant, Genesis FS Card Services ("Genesis") hereby removes to this Court the state court action described below.

1. On or about December 13, 2019, Plaintiff Dan Wicker ("Plaintiff") filed an action in the 46th District Court of Michigan, entitled and captioned: *Dan Wicker v. Genesis FS Card Services* and assigned Case No. SC190548.

2. Plaintiff's Complaint was served upon Genesis on December 23, 2019.

3. The following pleadings have been filed in this action to date and attached hereto as Exhibit "A":

    (a) Plaintiff's Complaint; and

    (b) State Court Summons.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Genesis

pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*

5. The 46th District Court of Michigan is located within the jurisdiction of the United States Court for the Eastern District of Michigan. This court is the court embracing the place where the action is pending.

6. This Complaint is removable to the United States Court for the Eastern District of Michigan, from the 46th District Court of Michigan, pursuant to 28 U.S.C. §1331 and §1441.

7. The Complaint alleges the action is brought under the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* As such, this court has Federal Question jurisdiction over this action pursuant to 28 U.S.C. §1331.

8. This Notice of Removal is being filed within 30 days of the date upon which Genesis received a copy of the Plaintiff's Complaint.

9. Pursuant to 28 U.S.C. §1446(b), Notice of Removal "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

10. Concurrently, Genesis provided written notice of this Petition for Removal to Plaintiff's counsel, filing a copy with the 46th District Court of Michigan, as required by 28 U.S.C. §1446(d).

WHEREFORE, Genesis removes to this Court the above-entitled action, now pending in the 46th District Court of Michigan, and request that this action be placed on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

Dated: January 22, 2020    /s/ Michael S. Poncin
　　　　　　　　　　　　　　Michael S. Poncin (MN #296417)
　　　　　　　　　　　　　　Moss & Barnett, PA
　　　　　　　　　　　　　　150 South Fifth Street, Suite 1200
　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　Tel: (612) 877-5290
　　　　　　　　　　　　　　Fax: (612) 877-5056
　　　　　　　　　　　　　　Mike.poncin@lawmoss.com
　　　　　　　　　　　　　　*Attorneys for Defendant*

# EXHIBIT A

DAN WILKER
20300 CIVIC CENTER DR
# 4105
SOUTHFIELD, MI 48076

U.S. POSTAGE PAID
FCM LG ENV
ROYAL OAK, MI
48068
DEC 18, 19
AMOUNT
$7.45
R2304M113881-15

7007 1490 0002 3370 5510

GENESIS FS CARD SERVICES
15220 NW GREENBRIER PKWY
STE. 200
BEAVERTON, OR 97006

RECEIVED
DEC 23 2019

| Approved, SCAO | Original - Court (with instructions)<br>1st copy - Defendant (with instructions) | 2nd copy - Plaintiff (with instructions)<br>3rd copy - Return (with proof of service) |

| STATE OF MICHIGAN<br>46th JUDICIAL DISTRICT | AFFIDAVIT AND CLAIM<br>Small Claims | CASE NO.<br>SC190548 |

**Court address**
26000 Evergreen Rd, Southfield, MI 48076
See additional notice and instructions on the back of plaintiff and defendant copies.

**Court telephone no.**
(248) 796-5800

1. **Plaintiff:** Dan Wicker
   **Address:** 201300 Civic Center Dr., #4105
   **City, state, zip:** Southfield, MI 48076
   **Telephone no.:** 248-533-5433

2. **Defendant:** Genesis FS Card Services
   **Address:** 15220 NW Greenbrier Pkwy Ste 200
   **City, state, zip:** Beaverton, OR 97006
   **Telephone no.:** 866-946-9545

**NOTICE OF HEARING**
For Court Use Only

The plaintiff and the defendant must be in court on
**Day:** WEDNESDAY
**Date:** FEBRUARY 12TH, 2020
**Time:** 1:30PM
at ☒ REPORT TO 1ST FLOOR MEDIATION CENTER
**Location:** 70
**Fee paid:** $
Process server's name

☐ 3. A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this complaint has been previously filed in ☐ this court ☐ _____ Court.
It was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

4. I have knowledge or belief about all the facts stated in this affidavit and I am
☑ the plaintiff or his/her guardian, conservator, or next friend. ☐ a partner. ☐ a full-time employee of the plaintiff.

5. The plaintiff is ☑ an individual. ☐ a partnership. ☐ a corporation. ☐ a sole proprietor. ☐ _____

6. The defendant is ☐ an individual. ☐ a partnership. ☑ a corporation. ☐ a sole proprietor. ☐ _____

7. The date(s) the claim arose is/are December 11, 2009
Attach separate sheets if necessary

8. Amount of money claimed is $ 4000.00 plus cost . (Note: Plaintiff's costs are determined by the court and awarded as appropriate. They are not part of the amount claimed.)

9. The reasons for the claim are: see attached complaint. The transactions occurred in Southfield where Plaintiff resides and uses the services provided by Defendant who also operates and is licensed to do business.

10. The plaintiff understands and accepts that the claim is limited to $6,000 by law and that the plaintiff gives up the rights to (a) recover more than this limit, (b) an attorney, (c) a jury trial, and (d) appeal the judge's decision.

11. I believe the defendant ☑ is ☐ is not  mentally competent. I believe the defendant ☑ is ☐ is not  18-years-or-older.

12. ☐ I do not know whether the defendant is in the military service. ☑ The defendant is not in the military service.
☐ The defendant is in the military service.

Signature

Subscribed and sworn to before me on 12-13-19 , _____ County, Michigan.

My commission expires: _____
Signature: _____ Deputy clerk/Notary public

Notary public, State of Michigan, County of _____

The defendant(s) must be served by 3-13-20 .
Expiration date

DC 84 (6/19)  AFFIDAVIT AND CLAIM, Small Claims    MCL 600.8401 et seq., MCR 4.302, MCR 4.303, 50 USC 3931
Form Instructions

## ADDITIONAL NOTICE AND INSTRUCTIONS

### TO BOTH THE PLAINTIFF AND THE DEFENDANT:

- You must bring to the hearing all witnesses, books, papers, and other physical evidence needed to prove or disprove this claim.

- Before the trial (hearing) starts, you have the right to

    1. **remove the case to the general civil division of the district court,** or

    2. have the case heard by a district court judge (if the hearing is scheduled before an attorney magistrate). If the case is heard by an attorney magistrate, you may appeal to the district judge within 7 days after the trial.

- If the case is tried in the small claims division, you give up the right to an attorney, to a jury trial, and to appeal the judge's decision.

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

### TO THE DEFENDANT:

- The affidavit and claim you have just received means you are being sued in the small claims division of the district court.

- The court is being asked to decide a matter that the plaintiff says is your obligation and responsibility.

- If you wish to deny this claim or arrange terms of payment, you must make your request by appearing at the date, time, and place stated in the notice of hearing on the front of this form.

- If you do not appear at the date, time, and place stated, a default judgment may be entered against you for the amount stated in item 8, including the costs of this action.

- If the dispute is settled before or at the hearing, you may have to pay the plaintiff's costs.

- In case a judgment is entered against you at the hearing, you should be prepared to pay the amount stated in item 8, including the costs of this action, or to make arrangements for installment payments.

# 46th District Court Mediation Program
## Program Description

**Your case has been ordered to mediation on the date specified in the attached Notice of Hearing pursuant to 46th District Court Local Administrative Order 2001-1.** Mediation is an effective method of resolving disputes that provides parties with the opportunity to reach mutually-satisfactory agreements in a non-adversarial manner.

Please read the following information about the 46th District Court's Mediation Program, including a description of the mediation process, a procedural overview and a summary of your procedural options.

 **What is Mediation?**

The Michigan Court Rules define "mediation" as a process in which a neutral third party (mediator) facilitates communication between parties, assists in identifying issues, and helps to explore solutions to promote a mutually-acceptable settlement. Unlike litigation, where one party wins and one loses, mediation helps parties reach their own mutually-satisfactory resolution in a non-adversarial manner.

 **Benefits of Mediation**

*The decision-making process belongs to you.* You decide how to best resolve your dispute; unlike going to court, no one judges your problem and tells you what to do.

*It works.* Thousands of cases have been successfully mediated to all parties' satisfaction. Mediation is a "win/win" rather than a "win/lose" solution. In court, someone wins and someone loses.

*It's effective.* About 80% of all mediated cases end in agreement. In fact, the likelihood of settling a dispute to both parties' satisfaction through mediation is much higher than in small claims court. Mediation also reduces the likelihood that the problem will occur again.

 **Who Will Mediate My Case?**

The 46th District Court has a referral agreement with the Oakland Mediation Center to conduct mediation. There is **no charge** to the parties for mediation conducted by the Center. The Oakland Mediation Center (Center) is a Community Dispute Resolution Program funded in part by the State of Michigan.

(Over)

All mediators used by the Center meet or exceed the qualifications required under the Michigan Court Rules. Small claims mediators have completed a 40 hour training program and a 10 hour internship. General civil mediators have completed a training program approved by the State Court Administrative Office and either are attorneys or have a graduate degree in conflict resolution or have 40 hours of mediation experience over a two-year period.

Parties have the option of selecting their own mediator. However: (a) both parties must agree to the same mediator (b) both parties must agree to pay any and all fees requested by the mediator (c) the case must be mediated on or before the date set by the Court for mediation and (d) the Court must be notified in writing, prior to the scheduled mediation date, of the name of the mutually agreed upon mediator and the date of the mediation. The Oakland County Circuit Court roster of mediators will be available and may be used by parties to select their own mediator.

Parties may request that mediation be waived for good cause by making a written request prior to the scheduled date of mediation. Some examples of good cause include: the parties have already tried mediation, there is an outstanding personal protection order involving the parties or there are issues of domestic violence between the parties.



### What Happens at Mediation?

On the date scheduled for hearing, the mediator will review the case with you. Both sides will have an opportunity to discuss their views about the case. The mediator will assist in negotiations to find a solution that satisfies the needs of all parties. Mediators may speak with each party privately to explore alternatives, if it is reasonable or necessary.

Mediation is confidential and mediators can neither be called as witnesses nor have their records subpoenaed if the case is not resolved at mediation.

Parties appearing on this date must have authority to settle the case. If the parties agree to a settlement, the mediator will write the terms of the settlement on a judgment form and ask both sides to sign it. Later, the judge or magistrate will review the judgment and sign it, thereby making the agreement binding upon both parties.

If both sides do not agree to a settlement, the case will be scheduled for a future trial date before the judge or magistrate.

**Please note:** **If the plaintiff fails to appear for the mediation, the case may be dismissed. If the defendant fails to appear, a default judgment may be entered.**

If you have any questions about the 46th District Court Mediation Program, please contact the Civil Division at 248.796.5870.



101-350-034-R1005

STATE OF MICHIGAN
IN THE 46th DISTRICT COURT

Dan Wicker
20300 Civic Center Dr. #4105
Southfield, MI 48076

      Plaintiff

Vs.

Genesis FS Card Services
15220 NW Greenbrier Pkwy Ste 200
Beaverton, OR 97006
866-946-9545

      Defendant

CASE #:

RECEIVED
46TH DISTRICT COURT
2019 DEC 13 PM 4: 10

## COMPLAINT

Plaintiff Dan Wicker, having first been duly sworn and upon oath, deposes and says as follows:

**1. I am a Plaintiff in this civil proceeding and I reside in Southfield Michigan.**

**2. The Defendant to this lawsuit is Genesis FS Card Services, which is a corporation that does business in Michigan for the purpose of collecting a debt or debts and servicing credit cards and is regulated by the Consumer Financial Protection Act 15 U.S.C. Chapter 41.**

**3. Jurisdiction of this Court arises pursuant to Consumer Financial Protection Act of 2010 otherwise known as 15 U.S.C. Chapter 41. (Consumer Credit Protection Act).**

**4. Under the CFPA the Consumer Financial Protection Act regulates and administers violations and Civil Penalties.**

**5. Venue is proper in this Court because the acts and transactions occurred here, Plaintiff lives here, and Defendant transacts business here.**

## FACTUAL ALLEGATIONS

6. Plaintiff had an account (credit card) with the defendant in Southfield Michigan.

7. Plaintiff alleges Defendant has not properly notified Plaintiff of payment collection attempts and negligently placed the account as a derogatory item on his credit report.

9. Plaintiff called Defendant to verify information in November, 2019. Plaintiff was never notified regarding late payments and attempted to resolve issued through credit bureau dispute process per FCRA rules.

10. Plaintiff believes that a "reasonable" person would agree that the information provided to Defendant would constitute an error under 15 U.S.C. §1681s-2(a)(1) below.

11. Defendant has placed account with a delinquency date in error. Under Rules of Construction, an account has to be listed with the delinquency date of the original account holders record. 15 U.S.C. §1681s-2(a)(5).

## CAUSES OF ACTION

### COUNT I & II
### VIOLATIONS OF THE CONSUMER CREDIT PROTECTION ACT
### 15 U.S.C. §1681

§1681s–2. Responsibilities of furnishers of information to consumer reporting agencies

(a) Duty of furnishers of information to provide accurate information

(1) Prohibition

(A) Reporting information with actual knowledge of errors

A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors

A person shall not furnish information relating to a consumer to any consumer reporting agency if—
(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
(ii) the information is, in fact, inaccurate.

(C) No address requirement

A person who clearly and conspicuously specifies to the consumer an address for notices referred to in subparagraph (B) shall not be subject to subparagraph (A); however, nothing in subparagraph (B) shall require a person to specify such an address.

(D) Definition

For purposes of subparagraph (A), the term "reasonable cause to believe that the information is inaccurate" means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information.

**(2) Duty to correct and update information**

A person who—
(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate,

shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**(3) Duty to provide notice of dispute**

If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

**(4) Duty to provide notice of closed accounts**

A person who regularly and in the ordinary course of business furnishes information to a consumer reporting agency regarding a consumer who has a credit account with that person shall notify the agency of the voluntary closure of the account by the consumer, in information regularly furnished for the period in which the account is closed.

**(5) Duty to provide notice of delinquency of accounts**

**(A) In general**

A person who furnishes information to a consumer reporting agency regarding a delinquent account being placed for collection, charged to profit or loss, or subjected to any similar action shall, not later than 90 days after furnishing the information, notify the agency of the date of delinquency on the account, which shall be the month and year of the commencement of the delinquency on the account that immediately preceded the action.

**(B) Rule of construction**

For purposes of this paragraph only, and provided that the consumer does not dispute the information, a person that furnishes information on a delinquent account that is placed for collection, charged for profit or loss, or subjected to any similar action, complies with this paragraph, if—
(i) the person reports the same date of delinquency as that provided by the creditor to which the account was owed at the time at which the commencement of the delinquency occurred, if the creditor previously reported that date of delinquency to a consumer reporting agency;
(ii) the creditor did not previously report the date of delinquency to a consumer reporting agency, and the person establishes and follows reasonable procedures to obtain the date of delinquency from the creditor or another reliable source and reports that date to a consumer reporting agency as the date of delinquency; or
(iii) the creditor did not previously report the date of delinquency to a consumer reporting agency and the date of delinquency cannot be reasonably obtained as provided in clause (ii), the person establishes and follows reasonable procedures to ensure the date reported as the date of

delinquency precedes the date on which the account is placed for collection, charged to profit or loss, or subjected to any similar action, and reports such date to the credit reporting agency.

**12. Defendant has not properly processed dispute after receiving notice from Plaintiff under 15 U.S.C. §1681(8)(E).**

## COUNT III
## VIOLATIONS OF THE CONSUMER CREDIT PROTECTION ACT
## 15 U.S.C. §1681

**8(E) Duty of person after receiving notice of dispute**

After receiving a notice of dispute from a consumer pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall—
(i) conduct an investigation with respect to the disputed information;
(ii) review all relevant information provided by the consumer with the notice;
(iii) complete such person's investigation of the dispute and report the results of the investigation to the consumer before the expiration of the period under section 1681i(a)(1) of this title within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section; and
(iv) if the investigation finds that the information reported was inaccurate, promptly notify each consumer reporting agency to which the person furnished the inaccurate information of that determination and provide to the agency any correction to that information that is necessary to make the information provided by the person accurate.

**(b) Duties of furnishers of information upon notice of dispute**

**(1) In general**

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

13. Defendant has not complied with 15 U.S.C. §1692(g) by not validating debt.

## COUNT IV
## VIOLATIONS OF THE CONSUMER CREDIT PROTECTION ACT
## 15 U.S.C. §1692(g)

§1692g. Validation of debts

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

## **PRAYER FOR RELIEF**

§1681n. Civil liability for willful noncompliance

(a) In general

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

## COUNT I – III
## VIOLATIONS OF THE CONSUMER CREDIT PROTECTION ACT

- Damages pursuant to **15 U.S.C. §1681s-2(a)(1). $1000.00**
- Damages pursuant to **15 U.S.C. §1681s-2(a)(5). $1000.00**
- Damages pursuant to **15 U.S.C. §1681(8)(E). $1000.00**
- such other relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE CONSUMER CREDIT PROTECTION ACT

- Damages pursuant to **15 U.S.C. §1692(g). $1000.00**
- such other relief as the Court may deem just and proper.

Date 12/13/19

Dan Wicker