UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN WICKER,

        Plaintiff,

v.

        Case No. 20-10156
        Hon. Denise Page Hood

GENESIS FS CARD
SERVICES, INC.,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#3]

### I.    INTRODUCTION

The matter before the Court concerns Defendant Genesis FS Card Service's ("Defendant) Motion to Dismiss. [ECF No. 3] Defendant filed its Motion to Dismiss on January 29, 2020. Plaintiff Dan Wicker ("Wicker" or "Plaintiff") did not file a Response and the time to file one has passed. In its Motion to Dismiss, Defendant contends that it is not liable under either the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") or the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

On October 27, 2020, the Court issued a Show-Cause Order for why this case should not be dismissed for failure to prosecute. [ECF No. 5] The Show-

Cause Response was due by November 17, 2020, and Plaintiff did not respond. All notices have been sent to Plaintiff's address listed with the Court.

For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

## II. FACTUAL BACKGROUND

Plaintiff filed a Complaint in Michigan's 46th District State Court on or about December 13, 2019. [ECF No. 1] On January 22, 2020, Defendant removed this case to federal court. [*Id.*]

The facts according to Plaintiff's Complaint are as follows. Plaintiff held a credit card account with Defendant in Southfield, MI. [*Id.* at Pg.ID 11] Plaintiff asserts that "Defendant has not properly notified Plaintiff of payment collection attempts and negligently placed the account as a derogatory item" on Plaintiff's credit report. [*Id.*]

Plaintiff called Defendant in November 2019 to verify his information. [*Id.*] Plaintiff never received notification about late payments and attempted to resolve his issue through the credit bureau's dispute process. [*Id.*] Plaintiff believes that Defendant designated his account as "delinquent" in error. [*Id.*] The Complaint alleges four different violations of the Consumer Credit Protection Act. (Counts I-IV).

### III. LEGAL ANALYSIS

#### A. Standard of Review

When a plaintiff fails to prosecute an action, it can be dismissed pursuant to the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The Court's authority to dismiss a plaintiff's case for failure to prosecute is available "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And the local rules for the Eastern District of Michigan provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. LR 41.2. Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has provided four factors to guide district courts that must decide whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure is due to

3

willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although Wicker has proceeded *pro se*, and is thus held to less stringent standards, the leniency afforded is not unlimited. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, 05-10116-BC, 2007 WL 1582236 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

    The Court must now review the *Knoll* factors as they relate to the instant case. With respect to the first factor, Wicker has failed to respond to Defendant's motion and has not informed the Court of any address changes. And the Court has not received any notices that the mail is undeliverable. After commencing litigation with this Court, Wicker had an affirmative duty to inform the Court of address changes and to monitor the docket. *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012).

    Concerning the second factor—the prejudice to defendants—Defendant states in their Motion to Dismiss that it is not a "furnisher" under the FCRA. *See LaBreck v. Mid-Mich Credit Bureau*, No. 1:16-CV-1160, 2016 WL 6927454, *2

4

(W.D. Mich. Nov. 28, 2016) ("[A]ny entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies."). Under the FCRA, entities that "furnish" information to credit reporting agencies are prohibited from furnishing information that it "knows or has reasonable cause to believe is inaccurate," or information that it has been told by the consumer is incorrect. *See* 15 U.S.C. § 1681s–2(a)(1).

Here, Wicker fails to allege that Defendant transmits information about debt to credit reporting agencies. Nor does the Complaint allege that Defendant furnished any account in Wicker's name to any credit reporting agencies. Accordingly, the Complaint fails to allege that Defendant is a "furnisher" within the meaning of § 1681s-2.

Defendant also contends that consumers have no private cause of action against information furnishers who fail to comply with § 1681s-2(a). *See* [ECF No. 1, pg.ID 11] ("Plaintiff believes that a 'reasonable' person would agree that the information provided to Defendant would constitute an error under 15 U.S.C. §1681s-2(a)(1)"); *see also Hodges v. Navient Sols., LLC*, No. 17-13485, 2018 WL 2837316, *3 (E.D. Mich. June 11, 2018) ("[T]here exists no private cause of action for consumers against furnishers of information for failure to comply with § 1681s-2(a)."). Defendant argues that Wicker has failed to allege sufficient facts to establish that the FDCPA is applicable to Defendant in the instant matter. Given

5

Plaintiff's failure to respond to Defendant's substantive legal arguments, not granting a dismissal at this point would prejudice Defendant by requiring it to litigate a case that has not been diligently prosecuted by Plaintiff.

The third and fourth factors also heavily weigh towards dismissal. As to the third factor, Wicker was warned that his failure to respond to the Show-Cause Order could result in dismissal of his suit. [ECF No. 5] And there is currently no less extreme sanction available because Wicker has not been in communication with the Court throughout this action. Notably, it is not the Court's duty to locate Wicker. *See Yeschick*, 675 F.3d at 630. ("[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address."). Accordingly, "dismissal is the only appropriate remedy" because Wicker "has effectively abandoned the case." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

## IV.    CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [ECF No. 3] is **GRANTED** and Wicker's Complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.


Dated:  November 30, 2020            s/Denise Page Hood
                                     United States District Judge